

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50419 | DATE | 11/7/2002 |
| CASE TITLE | GILLETTE vs. LEFTHANDER CHASSIS, INC. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Lefthander Chassis, Inc.'s motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, Lefthander's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV - 7 2002 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 11-7-02 | |
| | courtroom deputy's initials /LC | 2002 NOV -7 PM 3:04 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Leslie A. Gillette, brings this action against defendants, her former employer, Lefthander Chassis, Inc. under the Americans with Disabilities Act (ADA). 42 U.S.C. § 12101 et. seq. Gillette alleges defendant's termination of her employment constituted discrimination against her based upon her disability or handicap, in violation of the ADA. Compl. ¶12. Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12117(a), and venue in this district is appropriate pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. § 12117(a). Before the court is Lefthander's motion for summary judgment pursuant to FED. R. CIV. P. 56(b).

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002). In order to avoid summary judgment, a plaintiff needs to supply evidence sufficient for a jury to render a verdict in plaintiff's favor. Basith v. Cook County, 241 F.3d 919, 926 (7th Cir. 2001).

The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A disability is defined as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Bay v. Cassens Transport Co., 212 F.3d 969 (7th Cir. 2000).

Plaintiff does not offer direct evidence of discrimination, so she must proceed by the indirect method. To establish a *prima facie* case under the indirect method, plaintiff must show that (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) she has suffered from an adverse employment decision because of her disability. Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 669-70 (7th Cir. 2000).

In her complaint, plaintiff alleges her disability consists of a back problem resulting in a lifting restriction. In her response to summary judgement, plaintiff admits her limitation, consisting of a physician-imposed 50-lb. lifting restriction resulting from a back injury, falls outside the scope of what constitutes an actual disability as set forth in Toyota Motor Mfg. v. Williams, 122 S.Ct. 681, 693 (2002). Resp. p.3. Plaintiff asserts, however, that she meets the alternative meaning of "disabled" by arguing her employer regarded her as having an impairment that substantially limits one or more of the major life activities. 42 U.S.C. § 12102(2)(c); Sutton v. United Airlines, Inc., 527 U.S. 471, 489 (1999). To fall within the statutory definition of one "regarded as disabled", the plaintiff must show that: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities; or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. Sutton, 527 U.S. at 489. Under either formulation described in Sutton, the plaintiff must show that the defendant believes she is "substantially limited" in a "major life activity." Id.; 42 U.S.C. § 12102(2)(A) & (C).

Plaintiff argues that the decision to lay her off was "based upon a myth or fear that her back condition rendered her unable to perform the essential elements of her position as a parts puller at defendant's company." Resp. p.5. An employer must regard the employee as impaired to the point of substantially limiting one or more major life activities, not simply limiting the employee in performance of her job tasks. Toyota, 122 S.Ct. at 693; Mack v. Great Dane Trailers, No. 01-2467, 01-2531, 2002 WL 31367863, *2 (7th Cir., Oct. 22, 2002). Plaintiff offers no evidence in her opposition to summary judgment that her employer regarded her has having any impairment that would substantially limit one or more major life activities. Plaintiff's arguments relate to her ability to perform her job as parts puller at her employer's workplace. See Mack, at *3 (plaintiff needs some evidence from which a jury could conclude that the employer regarded him as substantially limited in activities central to most people's daily lives). Moreover, plaintiff offers no evidence from which a jury could infer that a 50-lb. weight lifting restriction, imposed by her doctor, substantially limits her performance of a major life activity, or that lifting 50 pounds is itself a major life activity. See Mays v. Principi, 301 F.3d 866, 869 (7th Cir. 2002)(expressing doubt that lifting more than 10 pounds is a major life activity).

Based on the above, defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Leslie A. Gillette

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 00 C 50419

Lefthander Chassis

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Lefthander's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 11/7/2002

Susan M. Wessman, Deputy Clerk